**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRAD CHINN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF SPOKANE; MARY VERNER; JOE SHOGAN; NANCY MCLAUGHLIN; MIKE ALLEN; AL FRENCH; STEVE CORKER; RICHARD RUSH, <br><br> Defendants - Appellees. | No. 10-35550 <br><br> D.C. No. 2:09-cv-00354-EFS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted April 14, 2011[*]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Brad Chinn appeals the district court's dismissal of his 42 U.S.C. § 1983

action against the City of Spokane, Mary Verner, Joe Shogan, Nancy McLaughlin,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Mike Allen, Al French, Steve Corker, and Richard Rush for wrongful retaliation in violation of the First Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *see Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000), and affirm.

To recover under section 1983 for retaliation in violation of the First Amendment, a plaintiff must establish that: "(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). But Chinn's case, like the plaintiff's case in *Blair*, "is not a typical First Amendment retaliation case" because the "adverse action" being challenged "was taken by his peers in the political arena." *Id*. at 543. Chinn, like the plaintiff in *Blair*, "has little in common with the[] prototypical plaintiffs" in First Amendment retaliation cases, such as the "government worker who loses his job as a result of some public communication critical of the government entity for whom he works," or the "regulated entity that is stripped of its business license after engaging in speech that displeases the regulator." *Id*. at

544 (internal citations omitted). Chinn, by contrast, had his appointment revoked through the ordinary functioning of the judicial-confirmation process. Furthermore, as was the case in *Blair*, Chinn "isn't the only party in this case whose interests implicate First Amendment concerns." *Id*. at 545. While Chinn undoubtedly had a First Amendment right to file a land use petition protesting a proposed zoning change, the city council members had the corresponding right to confirm a nominee they viewed as most fit for the municipal court judgeship, and Mayor Verner had the right to choose a municipal court nominee who the city council would confirm. *Id*. at 545-46; *see also Stella v. Kelley*, 63 F.3d 71, 75 (1st Cir. 1995) ("Voting by members of municipal boards, commissions, and authorities comes within the heartland of First Amendment doctrine, and the status of public officials' votes as constitutionally protected speech [is] established beyond peradventure of doubt . . . ."). Finally, as we noted in *Blair*, "we *expect* political officials to cast votes in internal elections in a manner that is, technically speaking, retaliatory, *i.e.*, to vote against candidates whose views differ from their own." 608 F.3d at 544. Although the city council members never cast on-the-record votes against Chinn's confirmation, that distinction alone does not save his claim. To accept Chinn's argument would be to hold that the First Amendment prohibits elected officials from choosing not to confirm, or appoint, judicial

officials whose speech or views they don't embrace. *See id*. at 544-45. But "[e]xperience and political reality convince us this argument goes too far; the First Amendment does not succor casualties of the regular functioning of the political process." *Id*. at 545. Therefore, even if the defendants' actions towards Chinn stemmed from his filing of a land use petition against the City of Spokane, their actions "did not amount to retaliation in violation of the First Amendment." *Id*. at 546. Because we affirm the district court's dismissal on the ground that Chinn fails to state a claim pursuant to Rule 12(b)(6), we need not address whether the defendants are entitled to absolute legislative immunity.

**AFFIRMED.**

*Chinn v. City of Spokane*, No. 10-35550

TASHIMA, Circuit Judge, concurring in the judgment:

I do not agree that *Blair v. Bethel School District*, 608 F.3d 540 (9th Cir. 2010), controls this case. Unlike *Blair*, this is not a case in which "the 'adverse action' being challenged 'was taken by his [the plaintiff's] peers in the political arena.'" Maj. Op. at 2 (quoting *Blair*, 608 F.3d at 543). Also, unlike *Blair*, this is not a case in which "'political officials [] cast votes in internal elections . . . .'" Maj. Op. at 3 (quoting *Blair*, 608 F.2d at 544). And, while I agree with the majority that "city council members had the . . . right to confirm a nominee they viewed as most fit for the municipal court judgeship," *id.*, that does not address, much less answer, the question of whether, as alleged by plaintiff, the city council had the right to refuse to confirm a nominee for an unconstitutional reason. I disagree with the majority's conclusion that the removal of a member from a "titular position" due to the internal politics of the Board in *Blair*, 608 F.3d at 546, is equivalent to "the defendants' actions towards Chinn stemm[ing] from his filing of a land use petition against the City of Spokane," such that defendants' "actions 'did not amount to retaliation in violation of the First Amendment.'" Maj. Op. at 4.

Because *Blair* is not directly applicable to and does not control this case, I would avoid the difficult constitutional issues presented in this case and go directly

to the immunity issues and hold that defendants who are members of the city council are entitled to absolute legislative immunity. *See Community House v. City of Boise*, 623 F.3d 945, 960-63 (9th Cir. 2010). And, although it is a closer question, I would further hold that Mayor Verner also is entitled to legislative immunity. *See id*. at 963-64. Moreover, even if defendant Verner were not entitled to absolute legislative immunity, because a judicial nominee's First Amendment rights in the context of the legislative confirmation process are not clearly established, I would alternatively hold that Mayor Verner is entitled to qualified immunity. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

For the above stated reasons, I agree with the majority that the judgment of the district court should be affirmed.